UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CATHY D. MARTIN,                          )
                                          )
Plaintiff,                                )          Case No. 3:15-cv-00573-AC
                                          )
v.                                        )          **OPINION AND ORDER**
                                          )
CAROLYN W. COLVIN,                        )
Acting Commissioner of Social Security,   )
                                          )
Defendant.                         )
_____ )

**ACOSTA, Magistrate Judge:**

Cathy D. Martin ("plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB"). Because the Commissioner's decision is not supported by substantial evidence, it is REVERSED and REMANDED for further proceedings consistent with this opinion.

### *Procedural Background*

Plaintiff filed her application for DIB on September 19, 2011, alleging disability as of May 27, 2011. (Tr. 10.) The Commissioner denied her application initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge ("ALJ"). (Tr.

32

128-29.)  An administrative hearing was held on October 1, 2013.  (Tr. 29-84.)  After the hearing, the ALJ issued an unfavorable decision on November 29, 2013, finding plaintiff not disabled.  (Tr. 7-28.)  The Appeals Council denied plaintiff's subsequent request for review, making the ALJ's decision final.  (Tr. 1-4.)  This appeal followed.

### Factual Background

Born in August, 1972, plaintiff was 41 years old at the time of the hearing.  (Tr. 32.)  She completed two years of college and has fifteen years of work experience as a hospital nurse.  (Tr. 205-07.)  She stopped working in May, 2011 due to her conditions.  (Tr. 206.)  Plaintiff alleges disability due to Ehlers-Danlos Syndrome, bipolar disorder, fibromyalgia, anxiety, ADD, and gerd.  *Id.*

### Standard of Review

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions."  *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).  "Where the evidence as a whole can support either a grant or a denial, [a court] may not substitute [its] judgment for the ALJ's."  *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted).

The initial burden of proof rests upon the claimant to establish disability.  *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, the claimant must

demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 420. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. § 404.1520(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. § 404.1520(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. § 404.1520(e). If the claimant can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 141. At step five, the Commissioner must establish that the claimant can perform other work. *Id.* at 142; 20 C.F.R. § 404.1520(e) & (f). If the Commissioner meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. § 404.1566.

\\\\\

\\\\\

\\\\\

*The ALJ's Findings*

The ALJ performed the sequential analysis. At step one, he found that plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 12.) At step two, the ALJ concluded that plaintiff had the following severe impairments: Ehlers-Danlos Syndrome, bipolar disorder, depressive disorder, anxiety disorder, and fibromyalgia. *Id.* At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. *Id.*

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and found that plaintiff could perform sedentary work with the following limitations: she can lift and/or carry 10 pounds occasionally and frequently in an eight-hour workday; she can stand and/or walk for two hours and sit for six hours in an eight-hour workday; she can stand and/or walk for two hours and sit for six hours in an eight-hour workday; she can perform unskilled repetitive routine work; she cannot have contact with the public; she can have occasional contact with supervisors and co-workers; she is off-task at work 10 percent of the time; and she is absent from work one time per month. (Tr. 14.)

At step four, the ALJ found that plaintiff was unable to perform any of her past relevant work. (Tr. 21.) At step five, the ALJ determined that plaintiff retained the residual functional capacity to perform jobs that exist in significant numbers in the national economy, including nut sorter and semi-conductor wire worker. (Tr. 22.) The ALJ therefore concluded plaintiff was not disabled. (Tr. 22-23.)

*Discussion*

Plaintiff argues that the ALJ erred by: (1) improperly rejecting the lay testimony; and (2) formulating an incorrect hypothetical to the VE.

I.    Lay Testimony Mr. Martin

Plaintiff first argues that the ALJ erred by rejecting the lay testimony of her husband, Mr. Martin. The ALJ must provide "germane reasons" for rejecting the testimony of lay witnesses, and need not "clearly link his determination to those reasons." *Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001); *see also Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

Mr. Martin completed a third party function report regarding plaintiff's symptoms and limitations in October, 2011.  (Tr. 239-46.)  He opined that plaintiff needed reminders to maintain a schedule, could not manage her finances due to anxiety, needed frequent rest, and had difficulty following instructions. *Id.*  Mr. Martin also testified at the administrative hearing, stating that plaintiff seemed depressed "at least 25 percent of the time," and that she could no longer work even though she had done so in the past.  (Tr. 61, 83.)

The ALJ rejected part of Mr. Martin's testimony because it conflicted with the medical evidence in the record.  (Tr. 21.)  For example, Mr. Martin's statements are inconsistent with the medical opinions of the State Agency physicians, and with the opinion of examining psychologist Donna Wicher, PhD. (Tr. 21, 97-111, 373-77.)  These medical sources agreed that plaintiff did not have disabling limitations. *Id.*  Because his opinion was contradicted by substantial medical opinion evidence in the record, the ALJ reasonably could reject Mr. Martin's lay testimony. *Molina*, 674 F.3d at 1114.

II.    VE Hypothetical

Plaintiff also argues that the ALJ erred by presenting an improper hypothetical to the VE. At the administrative hearing, the ALJ submitted a hypothetical to the VE consisting of limitations set forth in the RFC, and also added that plaintiff "will be able to meet minimum . . .

production requirements." (Tr. 37-38.)  Based on this hypothetical, the VE testified that the hypothetical worker could perform jobs that exist in the national economy.

The ALJ is entitled to rely upon VE testimony as substantial evidence to support a disability determination, *Massachi*, 486 F.3d at 1153, but only when the ALJ poses a hypothetical that accurately reflects the claimant's RFC.  It is error to make a finding that is not supported by substantial evidence. *Nyman v. Heckler*, 779 F.2d 528, 530 (9th Cir. 1985).  While the ALJ accounted for plaintiff's deficits in concentration by finding that she would be off-task 10 percent of the workday, (Tr. 14.), it is not clear from the record that plaintiff is capable of meeting minimum production requirements in the jobs identified by the VE.[1]  The ALJ therefore was not entitled to rely upon the VE testimony in his disability determination.

III.    Remand

Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014).   The court's determination of whether to remand or award benefits turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Id.*   A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Act. *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

---

[1] The VE testified that a worker could be off task for up to a third of the workday in the occupations he identified and still be employable if the worker could ultimately "produce what is expected" by the end of her shift.  (Tr. 40.)

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014).

> [The Ninth Circuit has] devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id.* at 1020.

Ordinarily, if all three of these elements are satisfied, a district court must remand for a calculation of benefits. *Id.* If, however, "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled," the district court retains the "flexibility" to remand for further proceedings even when these elements are satisfied. *Id.* at 1021; *see also Burrell v. Colvin*, 775 F.3d 1133, 1141-42 (9th Cir. 2014) (remanding for further proceedings without analyzing whether the three factors are met "because, even assuming that they are, we conclude that the record as a whole creates serious doubt as to whether Claimant is, in fact, disabled"). Moreover, when remanding for further development of the record, the district court has the discretion to remand on an open record or with the directive that the claimant's testimony be credited as true. *See Burrell*, 775 F.3d at 1142 (observing that a court's "flexibility" includes the option to "remand on an open record for further proceedings" (citing *Garrison*, 759 F.3d at 1021)).

On remand, the ALJ should have the opportunity to pose a hypothetical to the VE that accurately reflects plaintiff's correct RFC, and to take new testimony from the VE regarding plaintiff's ability to perform work that exists in the national economy.

\ \ \ \ \

*Conclusion*

The Commissioner's decision is not supported by substantial evidence in the record, and it is therefore **REVERSED and REMANDED** for further proceedings consistent with this opinion.

DATED this _____23rd_____ day of August, 2016.

JOHN V. ACOSTA
United States Magistrate Judge